UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-2933(DSD/SER)

Holly D. Hanson, individually,
and on behalf of all others
similarly situated,

        Plaintiff,

v.                                             **ORDER**

Green Tree Servicing, LLC,
doing business as Green Tree,

        Defendant.

> Michael G. Phillips, Esq., Phillips Law, PLLC, 1155 East Grain Exchange Building, 412 South Fourth Street, Minneapolis, MN 55415, counsel for plaintiff.
>
> Matthew R. Brodin, Esq., Richard G. Mark, Esq. and Briggs & Morgan, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Green Tree Servicing, LLC, doing business as Green Tree (Green Tree). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This Fair Debt Collection Practices Act (FDCPA) dispute arises out of a telephone call placed by Green Tree in connection with the mortgage of plaintiff Holly D. Hanson. On November 1, 2011, the servicing of Hanson's mortgage was transferred from Bank of

America, N.A. to Green Tree.  Am. Compl. Ex. 1.  Green Tree sent a letter to Hanson to inform her of the change.  Id.

On November 25, 2011, Natalie S., an employee of Green Tree, left a telephone message for Hanson's brother, Pete.  Am. Compl. ¶ 11.  Thereafter, Pete Hanson left Holly Hanson a voicemail summarizing the message from Green Tree:

> Hi Holly, this is brother Pete.  We had a weird recording at our ... house. [I]t was from a Natalie and it was Green Tree ....  And it was addressed to you.  She said this is for Holly Hanson, this is Natalie from Green Tree.  Please call me as soon as possible.  And it was 1-800-643-0202 ....  I wouldn't think anything about forwarding it, it might be a solicitor, but when it came to my house and it asked for you, I thought well maybe you put me down for something as a contact person.

Id.

Holly Hanson filed an amended putative class-action complaint on February 28, 2013, alleging that the telephone call to her brother violated the FDCPA.  Green Tree moves to dismiss.

## DISCUSSION

### I.   Standard of Review

To survive a motion to dismiss, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility

2

when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

**II.  FDCPA Claims**

Hanson alleges that the telephone call violated three sections of the FDCPA: 15 U.S.C. §§ 1692c(b), 1692d and 1692f.

**A.  Section 1692c(b)**

Section 1692c(b) provides that, subject to exceptions not relevant here, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer." 15 U.S.C. § 1692c(b). Hanson argues that Green Tree violated § 1692c(b) by telephoning her brother. Green Tree responds that the telephone call was not a communication in connection with the collection of a debt.

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Id. § 1692a(2). "A third-party

3

'communication,' to be such, must indicate to the recipient that the message relates to the collection of a debt; this is simply built into the statutory definition of 'communication.'" Marx v. Gen. Revenue Corp., 668 F.3d 1174, 1177 (10th Cir. 2011); see Zortman v. J.C. Christensen & Assocs., Inc., 870 F. Supp. 2d 694, 705 (D. Minn. 2012) ("The inclusion in its voicemail message of the word 'important' does not convert [defendant's] simple self-identification and telephone number into an indirect conveyance of information about a debt."); Horkey v. J.V.D.B. & Assocs., Inc., 179 F. Supp. 2d 861, 868 (N.D. Ill. 2002) (finding no violation of § 1692c(b) when debt collector's conversation with debtor's co-worker "was merely limited to inquiring as to Plaintiff's whereabouts").

The telephone call at issue did not convey any information - directly or indirectly - regarding Hanson's debt. Rather, the message revealed only the name of the caller, the name of her company and a call-back number. Am. Compl. ¶ 11. As a result, the telephone call was not a communication in connection with the collection of a debt, and dismissal of the § 1692c(b) claim is warranted.

**B.   Section 1692d**

Hanson next argues that Green Tree violated § 1692d, which provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any

4

person in connection with the collection of a debt." 15 U.S.C. § 1692d. The statute provides a nonexhaustive list of proscribed conduct:

> (1) The use or threat ... of violence or other criminal means ....
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer ....
> (3) The publication of a list of consumers who allegedly refuse to pay debts ....
> (4) The advertisement for sale of any debt to coerce payment of the debt.
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass ....
> (6) [T]he placement of telephone calls without meaningful disclosure of the caller's identity.

Id.

Hanson does not argue that any of the six enumerated sections apply to the telephone call. Rather, she relies on the general argument that "[t]he call is an invasion of her privacy and seeks to harass, oppress, abuse, and embarrass" her. Mem. Opp'n 10. Section 1692d, however, "prohibits only oppressive and outrageous conduct." Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 394 (D. Del. 1991) (citation omitted). The relaying of contact information through one telephone call is neither oppressive nor outrageous. See Durthaler v. Accounts Receivable Mgmt., Inc., 854 F. Supp. 2d 485, 492 (S.D. Ohio 2012) (finding thirty phone calls

to plaintiff and two to plaintiff's roommate did not violate § 1692d). As a result, dismissal of the § 1692d claim is warranted.

**C.   Section 1692f**

Finally, Hanson argues that Green Tree violated § 1692f, which provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f lists several examples of proscribed unfair and unconscionable practices. See id. § 1692f(1)-(8) (providing nonexhaustive list of conduct including collecting more money than expressly authorized, accepting or soliciting postdated checks, threatening criminal prosecution, causing consumer to incur collect call or telegram charges, threatening unauthorized nonjudicial action and communicating by postcard). The alleged conduct in the present matter - one telephone message - is far less severe than the enumerated examples. Moreover, "[t]hat Congress did not include third party disclosure in § 1692f, yet did include it in § 1692c(b), generally means that Congress intended for third party disclosure not to constitute a violation of § 1692f." Hoover v. Monarch Recovery Mgmt., Inc., 888 F. Supp. 2d 589, 602 (E.D. Pa. 2012) (citation omitted). As a result, the court finds that, as a matter of law, these allegations do not rise to the level of "unfair" or "unconscionable," and dismissal of the § 1692f claim is warranted.

6

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [ECF 13] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 23, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court
